## WAITES *v.* WAITES

No. 40676          May 12, 1958          102 So. 2d 431

*R. H. Dale,* Columbia, for appellant.

*Hammond & Pope,* Columbia, for appellee.

Hall, J.

This is a suit for divorce, custody of child and child support brought by the appellee against the appellant on the ground of habitual cruel and inhuman treatment. The chancellor granted the divorce prayed for and awarded the permanent care and custody of the child to the mother with the right ·of· reasonable visitation to the father, and also awarded $75 per month for the support of the child.

The father appeals here. He raises two questions on appeal. The first is that although the proof sufficiently showed habitual cruel and inhuman treatment, still he contends that the appellee has condoned the same. We have carefully examined the record and in our opinion the proof is abundantly sufficient to support the decree. In Bunkley and Morse's Amis on Divorce and Sep-

aration in Mississippi, in the latter part of paragraph 4.02, beginning at the top of page 146, it is said: "Habitual cruelty, habitual drunkenness or drug addiction are offenses continuing in nature and are not condoned by a mere continuing of cohabitation. The Supreme Court has said that the effort to endure unkind treatment as long as possible is commendable, and patient endurance of such treatment should not weaken the right of the innocent spouse to a divorce."

The authors cite Smith v. Smith, 40 So. 2d 156, not reported in Miss. Reports, and that case abundantly supports the statement in the text.

The appellant also invokes the aid of the Soldiers and Sailors Civil Relief Act, 50 U. S. C. A. Appendix, Section 520. Section 584 of the same book provides for a termination date of that Act, and in the historical note following Section 584 there is cited a joint resolution of Congress, adopted July 25, 1947, Chapter 327, Section 4, 61 Stat. 454, which provides that World War II shall be deemed to have terminated as of the effective date of said joint resolution, which date is July 25, 1947. See also the case of Beley v. Pennsylvania Mutual Life Ins. Co., 373 Pa. 231, 95 A. 2d 202 at page 206.

For the foregoing reasons the judgment of the lower court will be affirmed.

Affirmed.

*McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,* concur.