HARDY, Judge.
This action was instituted by plaim tiff through' a' petition for executory process and pursuant thereto an order of the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, directed the issuance of such process on November 2, 1961.' An order of seizure and salé was served on defendants on November 6, 1961. Defendants filed a petition on November 7, 1961, in which they prayed for the issuance of a rule against plaintiff to show cause why the executory proceedings should not be stayed during the period of the military service of the defendant and for so long thereafter as provided in what is known as the Soldiers’ and Sailors’. Civil Relief Act, as amended, under the provisions of U.S.C.A.i Title'50, Appx. Section 501 et seq. • To this pleading plaintiff filed'an exception of no right and no cause of action predicated solely upon the ground- that the Civil Relief Act of 1940 relied upon by defendants' terminated on July 25, '1947, and was 'no longer in force. After hearing, plaintiff’s exception was sustained ánd the demands'of defendants as plaintiffs-in-rule were dismissed by judgment of -the court rendered November 13th and signed November 15, 1961. Defendants made application to this- court for writs of certi-orari, prohibition and mandamus, praying that'plaintiff’s exception be overruled and the- district judge: ordered to hear and render judgment upon the rule. Under date of November. 21, .1961,-. such' supervisory writs were ■ granted and the Honorable John A. Dixon,. Jr., Judge ' of -the ' First *324 Judicial District Court was ordered to show cause why the relief prayed for by relators should not be granted. A stay order pending hearing and final determination by this court was coupled with the issuance of the writs described and directed to both the judge and plaintiff, through his counsel of record.
Before this court counsel for plaintiff-respondent has filed an opposition to defendants-relators’ application, in which it is asserted (1) that the Soldiers’ and Sailors’ Relief Act of 1940 is no longer in effect, having .been ended by joint resolution of Congress on July 25, 1947; (2) alternatively, that the Act referred to contains no reference to service in the Air Force, into which branch of the armed forces the defendant alleged he was re-, called, wherefore the Relief Act of 1940 did not apply to the United States Air> Force, which was created by Act of Congress on July 26, 1947, the day following the termination of the effect of the Act by joint resolution of Congress; and (3) that defendants’ attempt to procure relief by a summary proceeding, through issuance of a rule, is without justification because the action should have, been taken either by appeal or injunction.
Relators’ application to the district court for issuance of a rule to show cause alleged that the defendant, Emory Nolan Welch, was recalled into active military service with the United States Air Force on or about October 1, 1961; that the indebtedness, upon the basis of which petitioners’ order for seizure and sale of the property described was obtained, had been incurred on or about January 24, 1961; that Welch had advised plaintiff in the latter part of September, 1961, that his recall into military service was pending and that when the same occurred he would not be able to make his payments on the indebtedness in question; that on or about October 28, 1961 plaintiff was fully apprised of the fact of defendant’s recall into active military service, the consequent reduction of his income, inability to meet his monthly payments on the indebtedness, and his reliance upon the provisions of the Soldiers’ and Sailors’ Civil Relief Act. The petition for rule further represented that despite the above factual disclosures, and in complete disregard of the relief granted by the statute, plaintiff proceeded with the foreclosure action as above narrated.
We think it is evident that our brother of the district court was in error in failing to apply the remedial provisions of the Soldiers’ and Sailors’ Civil Relief Act of 1940. While it is true that the provisions of this Act terminated on July 25, 1947, as the result of a joint resolution of the Federal Congress, it is equally true that the provisions, the purposes, the intents and the effects of the original statute were revived by Act of Congress on June 24, 1948, amended September 28, 1950, which action is found in U.S.C.A., Title 50, App. Section 464. The provisions of this section make the Civil Relief Act of 1940
“ * * * applicable to all persons in the armed forces of the United States, including all persons inducted into the armed forces pursuant to this title * * * until such time as the Soldiers’ and Sailors’ Civil Relief Act of 1940, as amended * * * is repealed or otherwise terminated by subsequent Act of the Congress: * *
Section 532(3), U.S.C.A. Title 50, App., dealing with mortgages, declares that:
“No sale, foreclosure, or seizure of property for nonpayment of any sum due under any such obligation * * * shall be valid if made after the date of enactment of the Soldiers’ and Sailors’ Civil Relief Act * * * and during the period of military service or within three months thereafter(Emphasis supplied.)
In our opinion the applicability and effect of the above noted statutory provisions are so plain as to obviate the necessity of a recital or discussion of the historical notes *325 in connection with the enactment of the statutes in question.
In brief before this court counsel for plaintiff-respondent relies upon Waites v. Waites, 233 Miss. 496, 102 So.2d 431 and Beley v. Pennsylvania Mutual Life Insurance Co., 373 Pa. 231, 95 A.2d 202, 36 A.L.R.2d 996. Our examination of the cited cases discloses that the Mississippi court in the Waites case unquestionably fell into error in accepting the termination of the Relief Act by the joint resolution of July 25, 1947, entirely overlooking the revitalization thereof as hereinabove set forth. The Pennsylvania case gives no indication that it turned upon the effect of the provisions of the Civil Relief Act, and the opinion clearly evidences the fact that the court’s conclusion as to the effect of provisions of a policy of life insurance were predicated upon construction of the phrase “in time of war.”
For the reasons assigned we find that the judgment of the lower court sustaining plaintiff’s exception, resulted from a misconstruction of the law and was clearly erroneous.
The second objection urged by counsel for plaintiff-respondent, in our opinion, borders upon frivolity. To hold that a citizen of this country in service in the Air Force is not protected by the Civil Relief Act would require the acceptance of a technicality which was clearly never intended by the statute in question. Section 464, supra, makes the Act applicable to all persons “in the armed forces” and it would be absurd to say that members of the Air Force are not members of the armed forces in the service of this country.
Finally, the objection to the procedural nature of defendant’s effort to procure relief is equally untenable. We find no authority for a proceeding either by appeal or injunction in the instant case. Additionally, it is to be observed that any such procedural objection should have been urged in limine. The filing of an exception by plaintiff-respondent effectively waived any objection that might have been urged to the nature of the proceeding.
For the reasons assigned the judgment of the lower court sustaining the exception of no cause and no right of action on behalf of plaintiff-respondent is annulled and set aside and this cause' is remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, with instructions that trial be had on the merits of the rule issued on behalf of defendants, and judgment rendered in accordance with the evidence and the law.
It is further ordered, adjudged and decreed that all further action with respect to the enforcement or execution of the order of executory process first issued herein be and it is expressly prohibited and restrained, pending judgment of the district court in accordance with the order of remand set forth above.
Costs of this proceeding are taxed against plaintiff-respondent, and it is ordered that all other costs shall await final determination hereof.